**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:04cv510**
**[CRIMINAL CASE NO. 3:97cr22]**

| | | |
|---|---|---|
| **ALONZO MACKINS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. §2255 to vacate, correct or set aside his conviction and sentence. For the reasons stated below, the motion is denied in part and a hearing shall be conducted as to the claims which are not summarily dismissed herein.

**PROCEDURAL HISTORY**

On July 6, 1998, the Petitioner was indicted in a superseding bill of

1

indictment with one count of conspiracy to possess with intent to distribute and distribution of cocaine, cocaine base, heroin and marijuana, in violation of 21 U.S.C. §846 (Count Four), and with one count of money laundering, in violation of 18 U.S.C. §1956(h) (Count Five). On July 10, 1998, the Government filed an information pursuant to 21 U.S.C. §841(b) alleging that the conspiracy involved in excess of 1.5 kilograms of cocaine base, in excess of 5 kilograms of cocaine, and in excess of 1 kilogram of heroin. The information did not address quantities of marijuana. On July 20, 1998, the Government filed notice of its intention to seek enhanced penalties based on the Petitioner's prior felony conviction for possession of cocaine.

The Petitioner was found guilty by jury verdict of both counts. On November 16, 1999, the undersigned sentenced the Petitioner to life imprisonment in connection with the drug conviction and to 240 months imprisonment in connection with the money laundering conviction.

Petitioner appealed his convictions and sentences, raising as an issue the fact that his sentence of life imprisonment was based on a judicial finding by the undersigned of the quantities of drugs with which the conspiracy was involved. This finding, he correctly noted, was based on a

preponderance of the evidence, not a jury's finding beyond a reasonable doubt. Thus, Petitioner argued on direct appeal that *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), should be applied to his case. The Supreme Court held in *Apprendi* that, other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. It is undisputed that in the Petitioner's case, this was not done. In addressing this issue on Petitioner's direct appeal, the United States Fourth Circuit Court of Appeals held:

> "*Apprendi* dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." For this reason, as the Government acknowledges, "the imposition of sentences above 20 years' imprisonment [on the drug conspiracy count] in this case was error." We thus have to determine if this error requires us to grant appellate relief to any of the defendants. ... If a defendant has made a timely and sufficient *Apprendi* sentencing objection in the trial court, and so preserved his objection ... , we must reverse unless we find this constitutional error harmless beyond a reasonable doubt[.] But if a defendant has failed to make a timely and sufficient *Apprendi* sentencing objection and, therefore, failed to preserve his objection in the trial court, we can correct the forfeited error only if it constitutes "plain error" under Fed.R.Crim.P. 52(b).
>
> ...
> [C]lose review of the record reveals that, although [Petitioner]

objected to the presentence report['s] drug quantity calculations, [he] never objected to the failure of the jury to find a specific drug quantity. [He] did not invoke *Jones v. United States*, 526 U.S. 227 (1999), or any other *Apprendi* precursor.

**United States v. Mackins, 315 F.3d 399, 405-07 (4th Cir. 2003).**

The Fourth Circuit thus concluded that because there was overwhelming and essentially uncontroverted evidence of the drug quantities, plain error did not occur because "even if the error here affected ... Alonzo Mackins' substantial rights, it does not seriously affect the fairness, integrity, or public reputation of judicial proceedings so as to warrant notice." ***Id.*, at 408.**

The Fourth Circuit also concluded that it was error to fail to sever the counts charging Willie Mackins with a counterfeit check scheme from the drug and money laundering counts. ***Id.*, at 415.** However, the Circuit found the error was harmless. Finally, the Circuit concluded that because Petitioner did not object to the submission of a general verdict to the jury, error sufficient to be noticed did not occur. ***Id.*, at 415-16.** The Petitioner's petition for a writ of *certiorari* to the Supreme Court was denied. ***United States v. Mackins*, 540 U.S. 895 (2003).**


**STANDARD OF REVIEW**

4

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. §2255.**  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

As to the Petitioner's claims that he received ineffective assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington**, **466 U.S. 668, 686 (1984).**  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail.  **Id.**  Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different.

*Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992). If the defendant fails to make the first showing, there is no need to consider the second. *Strickland, supra*.

## GROUNDS IN SUPPORT OF THE MOTION

Petitioner makes the following claims in support of the motion to vacate: (1) Government witnesses, who were coached by the prosecution as to their testimony, were former clients of the Petitioner's bail bonding business who had motives to lie against him; (2) defense counsel failed to interview and call as witnesses Alfred Logan, Ramond Morgan and Scott Ritchie; (3) defense counsel refused to challenge the fact that no African Americans were in the jury venire; (4) defense counsel failed to properly prepare the Petitioner for his testimony; (5) there was not a unanimous verdict as to each element of the charge of conspiracy to possess with intent to distribute because there was not a separate verdict as to each drug alleged; (6) trial counsel failed to argue at sentencing that the indictment failed to charge and the jury failed to find the specific drug quantities at issue; (7) the general verdict failed to attribute to the Petitioner the specific quantities of drugs with which he was involved; (8)

the failure of trial counsel to raise these objections meant that on direct appeal, the Fourth Circuit failed to notice the error; (9) trial counsel failed to order transcripts prior to the sentencing hearing, merely accepting the Government's version of evidence as to the quantities involved; (10) trial counsel failed to prepare for the forfeiture aspect of the case and failed to demand a jury; and (11) the undersigned erred in sentencing the Petitioner.

Although not artfully pled, it is clear to the Court that the Petitioner has raised the issue of ineffective assistance of counsel, specifically as to the failure of counsel to object at his sentencing hearing to the fact that no drug quantities were alleged in the indictment and/or found beyond a reasonable doubt by the jury, despite the fact that counsel for a co-defendant argued these issues as an *Apprendi* precursor established by *Jones v. United States*, 526 U.S. 227 (1999).

## DISCUSSION

Petitioner's first claim is that the Government coached its witnesses who then lied as to the Petitioner's involvement with the conspiracy.  This claim is based on documents purportedly signed by three witnesses, Alfred

Logan, Scott Ritchie and Ramond Morgan, in November 1998, after the Petitioner's trial.[1]  In the documents, it is alleged that "some of the witnesses" did not know "the Mackins[.]" **Exhibit, attached to Motion.** However, it is not specified which witnesses did not know which Mackins. Moreover, while it is alleged that the Government "coached" these witnesses, there is no statement as to whom on behalf of the Government did so.  In fact, it is stated in these documents that one of the witnesses, Reginald Campbell, "was considered the jail house lawyer and testimony coach."  Campbell, however, did not provide any testimony against the Petitioner.

In addition to these obvious problems, the documents are not signed under oath and there is no way to verify that the individual whom the Petitioner claims signed the document actually did so.  And, since the documents are dated after the trial, there is no way that trial counsel can be faulted for failing to know about the alleged incidents during the trial.  In fact, during the sentencing hearing, the Petitioner addressed the Court about these and other witnesses whom he claimed had falsely testified due

---

[1]Each document is identical with the exception of the name of the individual allegedly signing the same.

to disputes with him in his bail bonding business.

The Petitioner has provided an affidavit in which he claims he told trial counsel about "various potential witnesses" but he has not named those witnesses or provided information about what their testimony would have been. ***Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996), citing *Bassette v. Thompson*, 915 F.3d 932, 940-41 (4th Cir. 1990).** Nor has he provided affidavits from those alleged witnesses. Counsel is not ineffective when there is a failure to subpoena alleged witnesses on allegations that are "vague, conclusory or palpably incredible." ***Machibroda v. United States*, 368 U.S. 487, 495 (1962).** Nor is the reviewing court obligated to consider such allegations when they are not supported by affidavits from the potential witnesses. ***Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *Koskela v. United States*, 236 F.3d 1148 (8th Cir. 2001); *e.g.*, *Bruce v. United States*, 256 F.3d 592, 598 (7th Cir. 2001).**

The Petitioner also claims that trial counsel failed to prepare him for his testimony. The Court has reviewed the Petitioner's trial testimony and finds that both he and his attorney attempted, through that testimony, to establish legitimate sources for the Petitioner's income and to show that

his involvement with individuals identified with the conspiracy stemmed from legitimate business ventures.  **See, *e.g.*, *United States v. Molina*, 934 F.2d 1440 (9th Cir. 1991).**  The fact that the jury chose not to believe that testimony does not render counsel's preparation ineffective.

The Petitioner also claims his attorney was ineffective because he failed to challenge the lack of African Americans in the jury pool and venire for the Petitioner's trial.  African Americans may be under-represented in certain divisions of the Western District of North Carolina due to demographics; however, substantial under-representation, even if shown, is not the equivalent of systematic exclusion.  ***United States v. Wheeler*, 153 F.3d 725, 1998 WL 416704 (4th Cir. 1998).**  This same claim has been previously asserted and has been rejected by the United States Fourth Circuit Court of Appeals.  ***Id.***

Although not clear, it is possible that the Petitioner is claiming the conspiracy charge in the indictment was duplicitous because it charged a conspiracy involving more than one type of controlled substance.  This type of argument has been rejected by the Fourth Circuit.

> The Supreme Court has expressly rejected the contention that such a count, containing allegations of a single conspiracy to commit two or more separate crimes, is duplicitous.  The Court reasoned, "[t]he allegation in a single count of conspiracy to commit several crimes is

not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects."

**United States v. Marshall**, 332 F.3d 254, 262 (4th Cir. 2003).

Since the indictment was not duplicitous, the undersigned did not err and counsel could not have been ineffective by failing to object to it.

The Petitioner also argues that the Court failed to instruct the jury that their verdict must be unanimous and, as a result, his attorney was ineffective by not insisting on such an instruction. Again, the record shows that the jury was instructed that "a verdict is not a verdict until it is unanimous." **Trial Transcript, filed October 26, 2001, at 52.** To the extent that he claims the Court should have instructed the jury that they must find each element of each offense unanimously, the jury was instructed that in order to find the Petitioner guilty of the charge under consideration, they must find that the Government had proved each element of the crime beyond a reasonable doubt. **Id., at 39, 47.** This is sufficient to satisfy the Petitioner's Sixth Amendment rights. **United States v. Sarihifard**, 155 F.3d 301, 309-10 (4th Cir. 1998) ("**Conviction of an offense requires a finding of guilt beyond a reasonable doubt as to each and every element of the offense charged in the indictment.**").

"The jury is presumed to follow the instructions provided to them." **United**

***States v. Francisco***, **35 F.3d 116, 199 (4ᵗʰ Cir. 1994); accord,** ***United***

***States v. Alerre***, **__ F.3d __, 2005 WL 3213303 \*\*7 (4ᵗʰ Cir. 2005), citing**

***Jones v. United States***, **527 U.S. 373, 394 (1999).**  And, to the extent that

the Petitioner may be claiming that the jury should have unanimously found

which acts constituted his involvement in the conspiracy, he fares no

better.

> A general unanimity instruction [such as that given here] is usually
> sufficient to support a conviction [for conspiracy].  Because of the
> nature of a conspiracy charge, when the jury agrees that the
> defendant agreed to commit a crime, "all jurors do not have to agree
> about which offense the defendant personally intended to commit."

***United States v. Forbes***, **1 Fed.Appx. 125, 126-27 (4th Cir. 2001), citing**

***United States v. Narviz-Guerra***, **148 F.3d 530, 534-35 (5ᵗʰ Cir.),** ***cert.***

***denied***, **525 U.S. 1046 (1998).**  Also, when an indictment charges the

conspiracy to commit several offenses, as in this case involving a

conspiracy to distribute more than one type of controlled substance, it is

not error to give a general unanimity instruction.  ***United States v.***

***Dillman***, **15 F.3d 384, 391-92 (5ᵗʰ Cir. 1994).**  "[W]hen twelve jurors agree

that a defendant agreed to commit [the] crime [of conspiracy], all jurors do

not have to agree about which offense the defendant personally intended

to commit.  There need be only one conspiracy to encompass the

particular charged offense." ***Narviz-Guerra, supra.*** Since the undersigned committed no error, the Petitioner's claim of ineffective assistance must also fail.

To the extent that the Petitioner challenges his conviction on the basis of the general jury verdict, the Fourth Circuit addressed and rejected that claim on direct appeal. ***Mackins*, 315 F.3d at 416.**

It is undisputed that the Petitioner's attorney did not join in the *Apprendi*[2] precursor arguments raised by counsel for his co-defendant Willie Mackins. This, the Petitioner argues, constitutes ineffective assistance of counsel.

Because of the Petitioner's criminal history and the amount of drugs involved in the conspiracy, his United States Sentencing Guideline range of imprisonment was life. On direct appeal, his appellate counsel argued that *Apprendi* should have been to his case. The United States Fourth Circuit Court of Appeals held:

The 1998 superseding indictment charged each of the three

---

[2]*Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). In *Apprendi*, the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt.

defendants with conspiracy to distribute an unspecified quantity of drugs, subjecting each to a maximum possible term of no more than twenty years imprisonment.  The jury made no finding at all, let alone one beyond a reasonable doubt, of a specific threshold drug quantity; instead, the district court attributed amounts of illegal drugs to each defendant sufficient to subject each to life imprisonment.  Virtually every circuit has held that "*Apprendi* dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt."  For this reason, as the Government acknowledges, "the imposition of sentences above 20 years' imprisonment [on the drug conspiracy count] in this case was error."  We thus have to determine if this error requires us to grant appellate relief to any of the defendants. ...  If a defendant has made a timely and sufficient *Apprendi* sentencing objection in the trial court, and so preserved his objection ... , we must reverse unless we find this constitutional error harmless beyond a reasonable doubt[.] But if a defendant has failed to make a timely and sufficient *Apprendi* sentencing objection and, therefore, failed to preserve his objection in the trial court, we can correct the forfeited error only if it constitutes "plain error" under Fed.R.Crim.P. 52(b).

...

[C]lose review of the record reveals that, although [Petitioner] objected to the presentence report['s] drug quantity calculations, [he] never objected to the failure of the jury to find a specific drug quantity. [He] did not invoke *Jones v. United States*, 526 U.S. 227 (1999), or any other *Apprendi* precursor.

...

However, ... Willie Mackins contended in his sentencing memorandum that the district court's imputation of a specific quantity of illegal drugs to him would "impact the offense level to an extent which depends on findings by the Court regarding ... the presumption of innocence and burden of proof beyond a reasonable doubt, due to the "differential in sentencing ranging from a nominal fine to

mandatory life' under the statute." ... Moreover, [Willie] Mackins invoked *Apprendi* precursors[.] Although not artful, we believe that Willie Mackins' sentencing memorandum thus stated a sufficient constitutional *Apprendi* objection to his sentence to preserve the objection for appellate review.

**United States v. Mackins, 315 F.3d at 405-07.**

The Circuit also pointed out in a footnote that "despite our specific request that they do so, neither [Alonzo Mackins] nor Ivey Walker has been able to point to any place in the record in which one or both of them adopted any of Willie Mackins' objections at sentencing[.]" ***Id., at n.4.***

The end result of the appeal was that the Circuit found the *Apprendi* error as to the Petitioner was plain error which affected his substantial rights but did not warrant judicial notice. ***Id., at 408.*** Thus, the Petitioner's conviction and sentence remained intact. As to Willie Mackins, however, the Circuit found the error was not harmless, vacated his sentence and remanded the matter with instructions to the undersigned as to the specific sentence to be imposed. ***Id.*** Of particular note, the Circuit instructed the undersigned to impose as to Counts 4 and 5, the same counts of which the Petitioner is convicted, consecutive sentences of 240 months for a total sentence of 40 years.

Therefore, the issue on collateral review is whether trial counsel, who

was different than appellate counsel, was ineffective in failing to join in the *Apprendi* precursor arguments raised by Willie Mackins' counsel. Here, a co-conspirator's attorney made those very arguments but the Petitioner's attorney did not join in them for purposes of preserving an appellate issue. The characterization of the Fourth Circuit was accurate; counsel did not join in the objections raised by counsel for Willie Mackins. While it is most certainly true that the objections would have been overruled at the trial court level, had counsel joined in those arguments, even perfunctorily, the issue would have been preserved for appellate review. And, had the issue been preserved for appellate review, it is certain that the Petitioner's case would have had the same result as that of Willie Mackins; *i.e.*, the Circuit would have confirmed his conviction but vacated his sentence.

The Court is well aware of the precedent holding that an attorney is not ineffective in failing to anticipate a change in law. ***United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996).** The Fourth Circuit has held that "[i]n *Kornahrens,*[3] we examined whether Kornahrens' trial counsel was constitutionally ineffective for failing to preserve an issue at trial based *merely* on the Supreme Court's grant of *certiorari* in a case which raised

_____

[3]***Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).**

the issue." *Id*. **(emphasis provided).** Here, however, the argument is not based "merely" on the fact that the Supreme Court had granted *certiorari*. By the time of the Petitioner's sentencing hearing, Willie Mackins' attorney had

> contended in his sentencing memorandum that the district court's imputation of a specific quantity of illegal drugs to him would "impact the offense level to an extent which depends on findings by the Court regarding ... the presumption of innocence and burden of proof beyond a reasonable doubt, due to the 'differential in sentencing ranging from a nominal fine to mandatory life' under the statute." He also maintained that "any enhancement for ... quantity of drugs ... would violate the defendant's constitutional rights;" that "[w]henever the law makes conduct illegal, the government is required to prove the elements of this conduct which make it a crime;" and that "the un-enhanced statutory maximum of 20 years under 21 U.S.C. §841(b)(1)(C) is applicable due to the aforementioned constitutional limitations." Moreover, [Willie] Mackins invoked the *Apprendi* precursors, *Jones* and *Almendarez-Torres v. United States*[.] ... As the Eleventh Circuit recently explained:
>
> > A defendant may be deemed to have made a constitutional objection if his objection invokes *Apprendi* or *Jones* ... [or] if he contends that the issue of drug quantity should go to the jury ... . Other potential constitutional objections include that an element of an offense was not proved, that the judge cannot determine quantity, or that quantity must be proved beyond a reasonable doubt (and not by a preponderance of the evidence). We ... have recognized similar objections as sufficient to preserve a claim for appellate review.

***Mackins*, 315 F.3d at 407.**

The undersigned finds that the Government should be given an opportunity to respond to the issue of whether sentencing counsel knew of

the precursor arguments raised by Willie Mackins' counsel but failed to preserve the issue for his client and whether this would constitute ineffective assistance of counsel.  This is a different issue than failing to anticipate a change in the law; this is a matter of simply joining in an argument already researched, formulated and presented by another attorney which would have preserved an issue for appeal.  And, it is beyond dispute, based on the Fourth Circuit's opinion in *Mackins*, that the failure to preserve the issue resulted in prejudice to the Petitioner.  As a result, the Court finds that an evidentiary hearing is necessary.  Because a hearing is required, court-appointed counsel will represent the Petitioner at that hearing.  **Rule 8(c), Rules Governing Motions pursuant to Section 2255 in District Courts; *United States v. Phillips*, 134 F.3d 365 (table), 1998 WL 48561 *1 (4th Cir. 1998)("[T]here is no constitutional right to counsel in a §2255 proceeding" although there is a statutory right if an evidentiary hearing is conducted.), citing *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993).**  To the extent that an issue raised by the Petitioner has not been addressed in this Memorandum and Order, it is summarily dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. §2255 is hereby **DENIED** as to every issue raised with the exception of the issues of (1) whether the Petitioner received ineffective assistance of counsel because counsel failed to join in the *Apprendi* precursor arguments raised by co-counsel; and (2) whether, in the event the Petitioner did receive ineffective assistance of counsel, the recent cases of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, __ U.S. __, 124 SCt. 2531 (2004), and *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), should be applied to his case.

**IT IS THEREFORE ORDERED** that this matter is hereby scheduled for an evidentiary hearing on **MONDAY, FEBRUARY 27, 2006, AT 1:00 P.M.**, at the United States Courthouse in Asheville, North Carolina.

**IT IS FURTHER ORDERED** that the Federal Defenders Office appoint counsel to represent the Petitioner at this hearing.

**IT IS FURTHER ORDERED** that the United States Marshal make arrangements to have the Petitioner transported from his place of incarceration to the hearing and return him thereto after the hearing has

concluded.  The United States Marshal shall ensure that the Petitioner arrives in this District prior to the hearing date in order that he may be afforded adequate opportunity to confer with counsel in preparation for the hearing.

**IT IS FURTHER ORDERED** that the Government shall secure the presence of trial counsel, Marshall Swann, at such hearing.

**IT IS FURTHER ORDERED** that the Petitioner's motion for discovery is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's conviction and sentence remains intact pending any further ruling on this motion.

The Clerk of court is directed to send copies of this Memorandum and Order to the Petitioner, the Federal Defenders Office, the United States Attorney, and the United States Marshal.  The Clerk is also directed to furnish a copy of this Memorandum and Order to attorney Marshall Swann.

**Signed: January 4, 2006**

Lacy H. Thornburg
United States District Judge