# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:04CV510
## (3:97CR22)

| | |
|---|---|
| ALONZO MACKINS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** came on for an evidentiary hearing before the Court on February 27, 2006. After hearing the arguments of counsel and the evidence presented during the hearing, the Court is of the opinion that further briefing from the parties would be of assistance.

By previous order entered in this matter, the Court asked the parties to address the issue of ineffective assistance of counsel, a constitutional issue frequently cited as a ground for relief pursuant to 28 U.S.C. § 2255. However, § 2255 also provides that the sentencing court may consider whether (1) the sentence was in excess of the maximum authorized by law; (2) the sentence is otherwise subject to collateral attack; or (3) the

sentence imposed was not authorized by law. While the pleadings filed in this case include such grounds, the primary focus has been on the constitutional issue of ineffective assistance of counsel. **See, e.g., Ballard v. United States, 400 F.3d 404 (6th Cir. 2005).**

However, the Supreme Court and various circuits, including the Fourth Circuit, have recognized that § 2255 relief may also be available for an error of law or fact that constitutes "a fundamental defect which inherently results a in complete miscarriage of justice." **Hill v. United States, 368 U.S. 424, 428 (1962).** "To be cognizable under § 2255, a non-constitutional claim of a legal error must amount to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" **Mateo v. United States, 398 F.3d 126, 136 (1st Cir. 2005) (quoting Hill, supra).** "[Section] 2255 relief is not limited to constitutional error in a conviction or sentence. But, the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice" or is "inconsistent with the rudimentary demands of fair procedure." **United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) (quoting Hill,**

*supra* and citing *Davis v. United States*, 417 U.S. 333, 345-46 (1974)) (other internal citations omitted).

> Such claims are properly brought under § 2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." The error must "present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent."

*Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (quoting *Hill, supra*).

The cases of Ivey Walker and Alonzo Mackins present a compelling set of circumstances. *Compare, United States v. Mackins*, 315 F.3d 399, 405-09 (4th Cir. 2003) (finding plain error in the sentence in excess of the statutory maximum but declining to notice the error as to appellants Ivey Walker and Alonzo Mackins) *with, United States v. Joyner*, 2006 WL 454381, **3 (4th Cir. 2006) ("Although Joyner did not object in the district court to the 221-month sentence imposed on Count Two, we agree with the parties that the sentence exceeds the [ ] statutory maximum[.] The sentence thus constitutes plain error, and warrants the exercise of our discretion to correct it." (citing *Mackins, supra*)).

In the case of these Petitioners, the Fourth Circuit made the following legal findings: (1) "[A]s the Government acknowledges, 'the imposition of sentences above 20 years' imprisonment [on the drug conspiracy count] in this case was error." ***Mackins, supra*, at 405.** (2) "Although forfeited error [as in this case] can still provide the basis for reversal on appeal, it must meet a more exacting standard of review." *Id.* (3) Where a defendant failed to preserve the *Apprendi* objection at trial, "we can correct the forfeited error only if it constitutes 'plain error' under Fed. R. Crim. P. 52(b)." ***Id.*, at 406.** (4) Under that standard, the defendant must bear the burden of proving to the appellate court that the error was plain, affected his substantial rights and should be noticed. *Id.* (5) All three defendants made timely objections, orally and in writing, prior to sentencing to the drug quantities attributed to them and thus, the objections were timely. *Id.* (6) None of the defendants made objections prior to the verdict to the failure of the indictment to charge a specific quantity of drugs. *Id.* (7) Willie Mackins, "[a]lthough not artful," did raise the issue prior to sentencing and thus preserved *Apprendi* error. ***Id.*, at 407.** (8) "In this case, the Government concedes not only that the district court erred 'by imposing enhanced sentences in the absence of . . . an allegation [regarding specific

drug quantities], but also that error was also 'plain' . . . within the meaning of Federal Rule of Criminal Procedure 52(b).'" ***Id.*, at 408.** (9) But, the evidence against Ivey and Alonzo was of such quantity and force that "even if the error here affected Alonzo Mackins' and Ivey Walker's substantial rights," the Circuit declined to notice this plain error because it did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings[.]" ***Id.*** (10) As to Willie Mackins, on the other hand, the error, considered under a different standard, both affected his substantial rights and was not harmless. ***Id.*, at 409.**

The Fourth Circuit thus made it abundantly clear in its opinion that this Court erred in sentencing these Petitioners to sentences of life imprisonment. The issue thus becomes whether, in a collateral proceeding, this Court may rectify that error on any or all of the above grounds. ***See, e.g., United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) ("Absent extraordinary circumstances, a defendant has no . . . fundamental interest in whether a sentence reflects his . . . relative culpability with respect to his . . . co-defendants.").**

As a result, the Court will allow the parties to address these issues by memoranda of law.

**IT IS, THEREFORE, ORDERED** that on or before **MARCH 20, 2006**, the parties may file briefs not to exceed 20 pages in length addressing the issues raised herein. The issue of ineffective assistance of counsel has previously been briefed and the parties shall limit the content of these briefs to the issues addressed *infra*.

**IT IS FURTHER ORDERED** that pending further directive from the Court, the United States Marshal shall retain custody of the Petitioners within the Western District of North Carolina.

Signed: March 3, 2006

Lacy H. Thornburg
United States District Judge